NH

WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel Nava Arellano,<br>Petitioner,<br>v.<br>David R. Rivas, et al.,<br>Respondents. | No. CV-25-03397-PHX-JAT (ASB)<br><br>**ORDER** |

On August 11, 2025, self-represented Petitioner Israel Nava Arellano, who is confined in the San Luis Regional Detention Center in San Luis, Arizona, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Southern District of California challenging his immigration detention. Petitioner also filed a Motion to Proceed in Forma Pauperis and a Motion to Appoint Counsel. On October 6, 2025, this action was transferred to the District of Arizona.

On December 2, 2025, Assistant Federal Public Defender Keith J. Hilzendeger filed another Motion for Appointment of Counsel. In a December 22, 2025 Order, the Court granted the Application to Proceed in Forma Pauperis and subsequent Motion for Appointment of Counsel and gave Mr. Hilzendeger 30 days to file an amended § 2241 petition.

On January 16, 2026, Petitioner filed a Motion for Judicial Notice of Court Records (Doc. 11). Six days later, Mr. Hilzendeger filed a Notice of Intent Not to File Amended Petition for a Writ of Habeas Corpus and a Motion to Withdraw as

Counsel (Doc. 12). The Court will grant the Motion for Judicial Notice of Court Records and Motion to Withdraw as Counsel and dismiss the Petition and this action.

## I. Motion for Judicial Notice of Court Records

In Petitioner's Motion for Judicial Notice of Court Records, Petitioner asks the Court to take judicial notice of several documents pursuant to Rule 201(c) of the Federal Rules of Evidence. Petitioner contends the documents, which are filed in the United States District Court for the Southern District California, are proper subjects of judicial notice because "they are not subject to reasonable dispute by virtue of their accuracy not being subject to question." The Court will grant Petitioner's Motion for Judicial Notice of Court Records.

## II. Relevant Background

Petitioner is a citizen of Mexico who entered the United States as a minor on an undetermined date. (Doc. 12 ¶¶ 1-3.) On June 3, 1991, Petitioner was approved for voluntary departure under the Family Fairness Program, which allowed him to remain in the United States for one year. (*Id.* ¶ 2.) On April 3, 1992, when Petitioner was 16 years old, his mother filed a petition to adjust Petitioner's status to that of a lawful permanent resident. (*Id.* ¶ 3.) On July 2, 1994, after Petitioner turned 18 years old, he was convicted in the Superior Court of San Diego County of receiving stolen property and carrying a loaded firearm. (*Id.* ¶ 4.) Six months later, Petitioner was arrested for resisting a peace officer. (*Id.* ¶ 5.) On August 12, 1996, Petitioner applied for an extension of voluntary departure under the Family Unity Program; the application was approved three months later. (*Id.* ¶ 6.)

On October 27, 1997, Petitioner was admitted to the United States at a port of entry after telling immigration inspectors that he was a United States citizen. (*Id.* ¶ 7.) Approximately 14 months later, he was arrested on suspicion of possession of a controlled substance and public intoxication. (*Id.* ¶ 8.) Petitioner was ultimately sentenced to 120 days in jail and released on February 12, 1999. (*Id.*)

. . . .

Upon his release from jail, Petitioner was served with a Notice to Appear, which accused him of being inadmissible to the United States by falsely procuring his admission to the United States by falsely claiming he was a United States citizen. (*Id.* ¶ 9.) On March 1, 1999, an Immigration Judge ordered Petitioner removed from the United States, finding that he was not yet eligible for a visa and ineligible for voluntary departure.[1] (*Id.* ¶ 10.) Petitioner reserved his right to appeal and requested a bond hearing pending appeal. (*Id.* ¶ 10(b), (d).) At a March 15, 1999 bond hearing, the Immigration Judge denied bond due to Petitioner's conviction for possessing a controlled substance. (*Id.* ¶ 11(a), (b).) Petitioner requested to waive his appeal and apply for voluntary departure, but the Immigration Judge informed Petitioner he was not eligible for voluntary departure. (*Id.* ¶ 11(b).) Petitioner was removed to Mexico on March 15, 1999. (*Id.* ¶ 12.)

Although unspecified in the Petition, it appears Petitioner re-entered the United States. On July 27, 2000, he was given a reinstatement of removal. (*Id.* ¶ 13.) On January 12, 2003, Petitioner was arrested for driving under the influence and related crimes and ultimately pleaded guilty to evading a police officer by reckless driving. (*Id.* ¶ 14.) Petitioner was sentenced to three years of probation and a total of 365 days in jail. (*Id.*) Petitioner was given additional reinstatements of removal on September 12, 2003; July 19, 2006; and May 19, 2008. (*Id.* ¶¶ 15-17.)

On May 30, 2010, Petitioner was accused of being found in the United States being previously deported and was given another reinstatement of removal on June 7, 2010. (*Id.* ¶ 18.) Petitioner was charged with illegal reentry in the United States District Court for the Southern District of California,[2] but the case was dismissed due to an indictment in

---

[1] In his Petition, Petitioner continuously asserts that this March 1, 1999 order of removal was defective and has been the basis for his subsequent removals. In subsequent criminal proceedings against him, Petitioner filed motions to dismiss his illegal reentry charges in violation of 8 U.S.C. § 1326(a) asserting that the defective order of removal could not be used against him.

[2] *United States v. Nava-Arellano*, CR-10-02700-L (S.D. Cal.).

another case. (*Id.* ¶ 19.)

On August 4, 2010, a grand jury indicted Petitioner in the Southern District of California on one count of illegal reentry in violation of 8 U.S.C. § 1326(a), based on having been found in the United States on May 30, 2010.[3] (*Id.* ¶ 20.) Petitioner moved to dismiss the indictment under § 1326(d),[4] but the parties reached an agreement on how to settle the illegal reentry charge and Petitioner was charged in a superseding information with one count of misdemeanor illegal entry and one count of felony illegal reentry, both in violation of 8 U.S.C. § 1325.[5] (*Id.* ¶¶ 20(b), (c).) Petitioner pleaded guilty to both counts and was sentenced to six months in prison followed by one year of supervised release. (*Id.*) On December 23, 2010, Petitioner was removed from the United States. (*Id.* ¶ 20(d).)

Four months later, on April 25, 2011,[6] a border patrol agent found Petitioner present in the United States and gave him a reinstatement of removal the same day. (*Id.* ¶ 21; Doc. 1-2 at 63.) On May 25, 2011, a grand jury indicted Petitioner on one count of illegal reentry in violation of § 1326(a) and one count of felony illegal entry in violation of § 1325.[7] (Doc. 12 ¶ 22(b).) After Petitioner moved to dismiss the illegal reentry count pursuant to § 1326(d), arguing his March 1, 1999 removal order was defective because the Immigration Judge incorrectly advised that he was not eligible for voluntary departure, the United States voluntarily dismissed the illegal reentry count. (*Id.* ¶ 22(c).) A jury found Petitioner guilty of felony illegal entry and he was sentenced to one year in prison followed by one year of supervised release. (*Id.* ¶ 22(d).) The Ninth Circuit affirmed the conviction

---

[3] *United States v. Nava-Arellano*, CR-10-03094-L (S.D. Cal.).

[4] Pursuant to § 1326(d), an alien cannot challenge the validity of a criminal conviction under § 1326(a)(1) or (b) in a criminal proceeding unless the alien demonstrates: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

[5] Petitioner was not charged with illegal reentry in violation of 8 U.S.C. § 1326(a).

[6] Petitioner mistakenly notes this happened in 2010.

[7] *United States v. Nava-Arellano*, CR-11-02084-AJB (S.D. Cal.).

and sentence on June 5, 2013. (*Id.*)

Meanwhile, on April 27, 2012, the prosecutor for the United States Attorney's Office for the Southern District of California issued a memorandum to the United States Immigration and Customs Enforcement (ICE), stating that the United States had dismissed the illegal reentry charge because of a defect in the underlying 1999 removal proceedings. (*Id.* ¶ 22(e); Doc. 1-2 at 38.) The prosecutor noted that Petitioner was initially informed by the immigration court that he was ineligible for voluntary departure based on his felony conviction for possession of methamphetamine, but in 2006, the United States Supreme Court ruled in *Lopez v. Gomez*, 549 U.S. 47, that this type of state felony conviction for drug possession did not render an alien illegible for voluntary departure. (*Id.*) In the memorandum, the prosecutor indicated that the decision likely had retroactive effect, which would render Petitioner's deportation proceeding invalid. (*Id.*) The prosecutor asked ICE to consider initiating new removal proceedings against Petitioner, in a formal hearing before an Immigration Judge. (*Id.*) On June 12, 2012, Petitioner was removed via expedited removal procedures under 8 U.S.C. § 1225 and 8. C.F.R. § 235.3. (Doc. 12 ¶ 23.) Petitioner later argued these proceedings failed to comport with due process. (*Id.* ¶ 23(a)–(d).)

On February 6, 2013, a grand jury indicted Petitioner on one count of felony illegal entry, in violation of § 1325, and one count of illegal reentry in violation of § 1326(a).[8] (*Id.* ¶ 24.) Petitioner moved to dismiss the illegal reentry count under § 1326(d), but the judge denied the motion, finding no due process violations occurred in Petitioner's expedited removal proceedings. (*Id.* ¶ 24(a).) On July 8, 2014, Petitioner was convicted on both counts in the indictment and sentenced to 37 months in prison followed by three years of supervised release. (*Id.* ¶ 24(b)–(c).) On May 10, 2016, the Ninth Circuit affirmed the denial of Petitioner's motion to dismiss under § 1326(d). (*Id.* ¶ 24(d).)

. . . .

[8] *United States v. Nava-Arellano*, CR-13-0463-AJB (S.D. Cal.).

On February 11, 2015, Petitioner was indicted by a grand jury in the Southern District of California and ultimately found guilty for one count of assault resulting in serious bodily injury.[9] (*Id.* ¶ 25.) On May 17, 2016, Petitioner was removed from the United States. (*Id.* ¶ 26.) The following day, he was given a reinstatement of removal. (*Id.* ¶ 27.)

On February 3, 2017, Petitioner applied for entry into the United States but was flagged for secondary inspection and slated for expedited removal. (*Id.* ¶ 28.) On June 8, 2017, Petitioner was indicted on one count of felony illegal entry, in violation of § 1325, and one count of illegal reentry, in violation of § 1326(a).[10] (*Id.* at ¶ 29(b).) On June 14, 2017, Petitioner was paroled into the United States to answer to the criminal charges. (*Id.* ¶ 29(c).) No motion to dismiss under § 1326(d) was filed because Petitioner's counsel at the time missed the deadline for filing a pretrial motion to dismiss, and the judge denied leave to file a late motion. (*Id.* ¶ 29(d).) On August 14, 2018, a jury convicted Petitioner of both counts. (*Id.* ¶ 29(e).) On November 22, 2019, the Ninth Circuit Court of Appeals affirmed the convictions but remanded the case for resentencing. (*Id.* ¶ 29(f).) Petitioner was resentenced to 54 months in prison. (*Id.*)

On March 10, 2021, Petitioner was stopped at the Los Angeles International Airport, and an immigration officer determined he was inadmissible to the United States and conducted expedited removal proceedings.[11] (*Id.* ¶ 30.) Petitioner was ordered removed to Mexico. (*Id.*) Petitioner claimed a fear of returning to Mexico, the immigration officer made a negative credible fear determination, and Petitioner sought review of that determination. (*Id.* ¶ 30(a)–(b).) An Immigration Judge affirmed the negative credible fear determination, and Petitioner's case was returned to the Department of Homeland

---

[9] *United States v. Gutierrez*, CR-15-0334-BGS (S.D. Cal.).

[10] *United States v. Nava-Arellano*, CR-17-1507-AJB (S.D. Cal.).

[11] Petitioner later argued the expedited removal proceedings failed to comport with due process. (*Id.* ¶ 30(e).)

Security for removal. (*Id.* ¶ 30(c).) After 40 days in immigration custody, Petitioner was released on an Order of Supervision. (*Id.* ¶ 30(d).)

On October 2, 2023, Petitioner was charged, and later indicted by a grand jury, on one count of illegal reentry, in violation of § 1326(a).[12] (*Id.* ¶ 32.) On February 13, 2024, Petitioner moved to dismiss the indictment under § 1326(d), based on defects in the underlying removal order. (*Id.* ¶ 32(c).) Fifteen days later, the United States moved to dismiss the indictment, explaining it had re-evaluated the prosecution. (*Id.*) The court granted the motion and Petitioner was released from custody on February 28, 2024. (*Id.* ¶ 32(c)-(d).)

On March 5, 2024, Petitioner was served with a Notice to Appear. (*Id.* ¶ 33.) An Immigration Judge ultimately "sustained the charge of inadmissibility for failure to possess a valid visa or entry document." (*Id.* ¶ 35.) Petitioner stated he had a fear of returning to Mexico, and the Immigration Judge allowed him to apply for asylum and other related forms of relief. (*Id.*) Petitioner retained counsel, who allegedly informed the Immigration Judge that he would not be filing an asylum application on behalf of Petitioner and instead filed a motion to re-open Petitioner's 1999 removal proceedings with the immigration court. (*Id.* ¶ 36.) Petitioner terminated his immigration counsel's representation, and the Immigration Judge ultimately denied his motion to reopen the immigration proceedings. (*Id.* ¶¶ 36-37.)

Meanwhile, Petitioner began working with a public defender from the San Diego County Public Defender's Office to set aside his 1998 conviction for possession of methamphetamine. (*Id.* ¶ 38.) The San Diego County Superior Court set aside Petitioner's conviction as legally invalid due to procedural and substantive defects in the underlying criminal proceedings and dismissed the case in its entirety. (Doc. 1-4 at 3.)

. . . .

---

[12] *United States v. Israel Nava*, CR-23-2193-TWR (S.D. Cal.).

On January 22, 2025, Petitioner filed an incomplete asylum application, and the Immigration Judge found that Petitioner had abandoned his asylum application without good cause and ordered him removed to Mexico. (Doc. 12 ¶ 39.) Petitioner appealed, and the Board of Immigration Appeals (BIA) summarily dismissed the appeal on May 29, 2025, because Petitioner failed to file a brief in support. (*Id.* ¶ 40.) On July 2, 2025, Petitioner docketed a petition for review of the BIA's May 29, 2025 order with the Ninth Circuit Court of Appeals. (*Id.* ¶ 41.) The Petition for Review was denied in part and dismissed in part.[13]

**III. Petition**

In his Petition (Doc. 1), Petitioner raises 18 grounds for relief.

In **Ground One**, Petitioner alleges a claim of actual innocence because he is illegally detained in immigration custody due to a series of errors in his previous removal proceedings.[14] (*Id.* at 12-15, 36-45.)

In **Ground Two**, Petitioner asserts a claim for ineffective assistance of counsel because he received deficient legal advice from various attorneys about his illegal reentry prosecutions. Specifically, he contends the attorneys failed to notice that his 1999 Notice to Appear was deficient and they failed to remedy the deficiency. (*Id.* at 46-54.)

In **Ground Three**, Petitioner asserts there was insufficient evidence to support his convictions. (*Id.* at 55.)

In **Ground Four**, Petitioner contends his defective Notice to Appear, failure to provide a hearing before an Immigration Judge, and immigration officials' reliance on "false documentation and invalid deportation orders," failed to comport with due process. (*Id.* at 56-58.)

In **Ground Five**, Petitioner alleges there was no probable cause for his arrest at the

---

[13] *Nava-Arellano v. Bondi*, No 25-4102, Doc. 31 (9th Cir.).

[14] The alleged series of errors were raised in Petitioner's various motions to dismiss under 8 U.S.C. § 1326(d) in his illegal entry/reentry cases in the Southern District of California.

port of entry in 2023 because his prior deportations were based on illegal removal orders. He also claims his arrest in 2010 by San Diego police officers lacked probable cause, and that the 2010 encounter led to his illegal imprisonment. (*Id.* at 59-63.)

In **Ground Six**, Petitioner realleges assertions pertaining to his defective 1999 removal order, 2010 arrest by San Diego police, and 2023 port of entry arrest. Petitioner contends that evidence obtained during the unlawful arrests was used to convict him. (*Id.* at 64-66.)

In **Ground Seven**, Petitioner argues the prosecution failed to disclose information from his and his mother's A-file and "concealed" court documents, which constituted double jeopardy because he continued to be prosecuted in future cases. (*Id.* at 67.)

In **Ground Eight**, Petitioner contends that in his 2010 illegal reentry proceedings, the United States failed to disclose information favorable to him, specifically his pending I-130 visa application and mother's A-file. (*Id.* at 68-69.)

In **Ground Nine**, Petitioner asserts he received ineffective assistance of counsel because his attorney in the 2023 reentry case and his attorney in subsequent immigration proceedings failed to challenge the defects in his 1999 removal order. (*Id.* at 70-71.)

In **Ground Ten**, Petitioner alleges a claim for prosecutorial misconduct because the United States withheld favorable information to him and did not cease future illegal reentry prosecutions following the 2012 memorandum to ICE. (*Id.* at 72-73.)

In **Ground Eleven**, Petitioner claims he was wrongfully convicted and detained. (*Id.* at 74-76.)

In **Ground Twelve**, Petitioner asserts that he is wrongfully detained because his previous illegal reentry convictions were unlawful and his prior removal orders were defective. (*Id.* at 77-79.)

In **Ground Thirteen**, Petitioner alleges a "violation of constitutional rights" and lists various legal principles. (*Id.* at 80-81.)

In **Ground Fourteen**, Petitioner argues he was prejudiced by his removals and criminal convictions and discusses various harms he has suffered. (Id. at 82-89.)

In **Ground Fifteen**, Petitioner claims he is illegally detained because he was denied bail. (*Id.* at 90.)

In **Ground Sixteen**, Petitioner asserts that his previous counsel and immigration officials have "obstructed justice" and acted against his interest in remaining in the United States. (*Id.* at 91.)

In **Ground Seventeen**, Petitioner contends that his removals and criminal convictions have led to a deprivation of his liberty due to his defective 1999 removal order and Notice to Appear. (*Id.* at 92-93.)

In **Ground Eighteen**, Petitioner alleges that his imprisonment during the past 15 years was due to "defective proceedings" and constitutes "unusual punishment." He further claims he has endured inadequate conditions of confinement that have caused physical and psychological harm. (*Id.* at 94.)

## IV. Summary Dismissal of Petition

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The writ of habeas corpus historically "provide[s] a means of contesting the lawfulness of restraint and securing release." *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 117 (2020); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (habeas corpus "provides a remedy to non-citizens challenging executive detention.").

### A. Grounds Challenging Removal

Habeas corpus review is not available in district court for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9), or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003)

(discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other specified discretionary decisions and actions). "[T]he extent of the Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or 'decision.'" *Jennings v. Rodriguez,* 583 U.S. 281, 296 (2018). But "challenges to the statutory framework" authorizing detention, *Jennings*, 583 U.S. at 295, "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "constitutional claims," such as "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002).

Petitioner repeatedly contends that his current detention is unlawful due to his defective 1999 removal order and subsequent defects in his latter removal orders. To the extent that Petitioner seeks to challenge his prior removal orders, this Court lacks jurisdiction. *See* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal"). Further, although Petitioner alleges he is *presently* detained pursuant to a now-dismissed 1999 criminal conviction and a 1999 defective order of removal, Petitioner has been convicted of multiple criminal offenses in the interim. And notably, in 2013, when Petitioner attempted to collaterally attack his prior 1999 and 2012 removal order through a motion to dismiss under § 1326(d), arguing that they were entered in violation of due process, a judge in the Southern District of California found no due process violations occurred in Petitioner's prior expedited proceedings and denied the motion.[15] *United States v. Nava-Arellano*, CR-13-0463-AJB (S.D. Cal.) (Docs. 11, 24, 38 at 15:8-17).

Accordingly, the Court will dismiss the Grounds challenging Petitioner's detention based on his prior removals and removal proceedings because the Court lacks jurisdiction over these claims.

---

[15] The Ninth Circuit Court of Appeals later affirmed the denial. *USA v. Nava-Arellano*, CR-13-0463-AJB (S.D. Cal.), Doc. 131 at 3.

### B. Grounds Involving Previous Criminal Proceedings

#### 1. Federal Criminal Proceedings

Petitioner raises grounds for relief regarding previous prosecutions under §§ 1325 and § 1326(a). These grounds are improperly raised in a § 2241 Petition. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), *abrogated on other grounds by Jones v. Hendrix*, 599 U.S. 465 (2023).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623 (1998); *see Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("a purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch"). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). In three of Petitioner's illegal reentry cases, where he was found guilty, Petitioner filed motions for extension of time to file a motion under § 2255, but had failed to file the substantive § 2255 motions.[16] *See United States v. Nava-Arellano*, CR-11-02084-AJB (S.D. Cal.), Doc. 148; *United States v. Nava-Arellano*, CR-13-00463-AJB (S.D. Cal.), Doc. 162; *United States v. Nava-Arellano*, CR-17-01507-AJB (S.D. Cal.), Doc. 126.

In his remaining case, *United States v. Nava-Arellano*, CR-10-03094-L (S.D. Cal.), Petitioner filed a motion under § 2255 but was denied relief.[17] (Doc. 61 in CR-10-03094-L.) Petitioner has not shown that the remedy in this § 2255 action was inadequate or ineffective in anyway and he has had an unobstructed procedural shot to his claim because his defective removal occurred prior to his direct appeal and § 2255 motion.

The Court will dismiss Petitioner's grounds for relief concerning his illegal reentry cases for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

---

[16] The court denied the motions for extension of time but noted that if Petitioner choose to file a motion under § 2255, he should include substantive grounds and equitable reasons as to why the time to file the motion should be tolled.

[17] Petitioner appealed the denial to the Ninth Circuit Court of Appeals, but his certificate of appealability was denied. Doc. 71 in CR-10-03094-L.

**2. State Criminal Proceedings**

In Grounds Five and Six, Petitioner appears to challenge the legality of his arrests by the San Diego Police Department. However, Petitioner is not detained pursuant to these state charges. As such, these claims may not be challenged in a § 2241 Petition and they will be dismissed.

**C. Ground Fifteen**

In his remaining ground for relief, Petitioner asserts his present detention is unlawful on the basis that he was "denied bail." However, since filing the Petition, Mr. Hilzendeger was informed by Petitioner that he had received a bond hearing before an Immigration Judge. Thus, the Court will dismiss Ground Fifteen as moot.

**V. Motion to Withdraw**

Mr. Hilzendeger asks the Court grant him leave to withdraw from this case because the Court lacks jurisdiction to hear Petitioner's claims. Because the Court is summarily dismissing the Petition for the reasons herein, the Court will grant the Motion to Withdraw.

**IT IS ORDERED:**

(1) Petitioner's Motion for Judicial Notice of Court Records (Doc. 11) is **granted**. The Court will take Judicial Notice of Exhibits 2011-2023.

(2) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(3) The Motion to Withdraw as Counsel (Doc. 12) is **granted**. Keith Hilzendeger is withdrawn as counsel for Petitioner.

(4) The Clerk of Court must enter judgment accordingly and close this case.

(5) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would

not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of September, 2026.

James A. Teilborg
Senior United States District Judge